IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| IN RE: | * | |
| | * | Case No.:  20-11483 |
| DAVID MARESCA | * | (Chapter 7 Case) |
| | * | |
| Debtor | * | |
| | * | |
| | | |
| | * | |
| BRIAN McCARTY | * | Adv. No. 20-01061 |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| DAVID MARESCA | * | |
| Debtor/Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>CONSENT ORDER GRANTING MOTION FOR ENTRY OF CONSENT ORDER
RESOLVING ADVERSARY PROCEEDING AND GRANTING MOTION TO DISMISS
AMENDED COMPLAINT WITH PREJUDICE</u>**

Upon consideration of the Motion For Entry of Consent Order Resolving

Adversary Proceeding And Granting Motion To Dismiss Amended Complaint With Prejudice

(the "Motion") filed by DAVID MICHAEL MARESCA (the "Debtor" or "Defendant") by and

John D. Burns, Esq.  Md. Bar No. 22777 (Admitted Pro Hac Vice)
The Burns Law Firm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD  20770
(301) 441-8780

Steven H. Greenfeld, Esq. (#30332)
Cohen, Baldinger and Greenfeld, LLC
2600 Tower Oaks Blvd., Suite 290
Rockville, MD  20852
(301) 881-8300

Co-counsel for Debtor, David Michael Maresca

through John D. Burns, Esquire, and The Burns Law Firm, LLC, and Steve Greenfeld, Esquire, and Cohen, Baldinger and Greenfeld, the Bankruptcy Court noting the consent of the Plaintiff BRIAN MCCARTY by and through counsel to the Consent Order, good cause having been shown, and notice not required, it is by the United States Bankruptcy Court for the Eastern District of Virginia,

      ORDERED, that the Motion is GRANTED; and it is further

      ORDERED, that by the consent of the parties hereto the following Agreement is APPROVED as a full and final settlement by and between the parties hereto and merged into this Consent Order:   (i) The Adversary Proceeding and Complaints will be dismissed with prejudice following payment of the below agreed settlement sum of $5,000.00 to Plaintiff as noted below in 60 days from entry of the Consent Order and following such payment the Second Motion to Dismiss shall be granted causing the dismissal of the Adversary Proceeding and Complaints with prejudice; (ii) Plaintiff has no evidence to demonstrate by a preponderance of the evidence that Defendant individually committed actions that are actionable under Sections 523(a)(2); (a)(4) or (a)(6) of the Code against Plaintiff, nor does Plaintiff have any evidence otherwise that Defendant committed any actions personally that intersected with Plaintiff;  (iii) The only basis for knowledge which Plaintiff has in connection with regard to Defendant is an opinion that Defendant knew or should have known that ongoing actions at Synergy Law were occurring that impacted and injured Plaintiff as alleged and as demonstrated by the Judgment; (iv) Defendant denies the factual allegations made by Plaintiff in the Complaints and various filings as they pertain to Defendant individually; (v) In consideration of the foregoing, Defendant waives any claim for fees and costs set forth in his Second Motion to Dismiss under 11 U.S.C. § 523(d) of the Code arising from Section 523(a)(2) of the Code; (vi) This settlement has no impact on any

and all claims Plaintiff may have against Synergy Law any attorneys or personnel then employed at Synergy Law during his period of Complaints arising under the Judgment whom he may establish causation for injury that is not barred by limitations or otherwise, other than any claims which cause a claim or cause of action to be made against Defendant; (vii) Defendant agrees to pay $5,000.00 from third party certified check funds in 60 days from entry of the Consent Order to Plaintiff solely to avoid the further costs of litigation as a nuisance settlement sum and not because of any underlying liability or fault, and should Defendant fail to cause the payment of the agreed amount in certified funds to Plaintiff within the agreed upon timeframe, Plaintiff has the right to file a proceeding within this case solely to enforce the terms of this settlement agreement; (viii) The parties acknowledge also that this Adversary Proceeding and Complaints shall not be dismissed until and unless Plaintiff receives the $5,000.00 in certified funds and files a certificate on same with the Bankruptcy Court, and only following that time and event, the Bankruptcy Court shall dismiss the Adversary Proceedings and Complaints by further Order; (ix) Neither Plaintiff nor Defendant admits fault or liability in connection with the Complaints and Adversary Proceeding, and this settlement is without a determination or finding of fault on either of the parties herein; and (x) The parties hereto, without in any way conceding the validity or sufficiency of any claim, contention or defense of any or all the parties, now desire to fully compromise, finally settle, and fully release all claims, disputes and differences related to the disputes on the terms of this agreement, as to Plaintiff arising from the Complaints or any factual bases for liability against Defendant directly or indirectly that existed previously, now or in the future whether known of or unknown, and as to Defendant arising from any claims or factual bases for liability against Plaintiff directly or indirectly that existed previously, now or in the

future whether known of or unknown, including but not limited to the fees/costs alleged under 11 U.S.C. § 523(d); and it is further

ORDERED, that consistent with the foregoing Agreement the Defendant shall cause the Plaintiff to be paid the sum of $5,000.00 within sixty (60) days from entry of this Order and if such payment does not timely occur by certified funds, the Plaintiff may make such filings herein as may be necessary to compel the settlement sum to be paid and thereby enforce this Consent Order; and it is further

ORDERED, that following the filing of a certification by the Plaintiff that the $5,000.00 has been paid and tendered by certified good and available funds, the Bankruptcy Court shall enter an Order dismissing the Adversary Proceeding and Complaints with prejudice; provided, however if the Plaintiff fails to seasonably file such certification after receipt of the settlement sum of $5,000.00,then the Defendant may file a certification of payment and seek from Plaintiff attorneys fees incurred for such action; and it is further

ORDERED, this is a final Order.

Date: Aug 16 2021    /s/ Klinette H Kindred
Klinette H. Kindred
United States Bankruptcy Judge

Entered on Docket: August 16, 2021

WE ASK FOR THIS:

-------/S/ John D. Burns -------

John D. Burns, Esq. (#MD U.S.D.C. 22777, Admitted Pro Hac Vice)
The Burns Law Firm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD  20770
(301) 441-8780
*info@burnsbankruptccyfirm.com*
Co- Counsel for the Debtor

--------/S/Stephen H. Greenfeld--------
_____
Stephen H. Greenfeld, Esquire (#VA.30332)
2600 Tower Oaks Blvd.. STE 290
Rockville, MD  20852
Local Counsel to Debtor
(301) 881-8300
*steveng@cohenbaldinger.com*
Co-Counsel for the Debtor

--------/S/William F. Steinwedel--------
_____
Counsel for Plaintiff, Brian McCarty
William F. Steinwedel, Esquire, Admitted Pro Hac Vice
Legal Aid Bureau, Inc.
500 East Lexington Street
Baltimore, Maryland 20202
(410) 951-7643
wsteinwedel@mdlab.org
Counsel for Plaintiff

--------/S/Bud Stephen Tayman--------
_____
Bud Stephen Tayman, Va. Bar No. 35818
Bud Stephen Tayman, P.A.
13017 Wisteria Drive
Public Mail Box 325
Germantown, Maryland 20874
(301) 972-2306
btayman@taymanlaw.com
Local and Co-Counsel for Plaintiff

### CERTIFICATION PURSUANT TO LOCAL RULE 9022-1(C)(1)

I HEREBY CERTIFY that all necessary parties have endorsed the above-referenced order.

/s/ John D. Burns
John D. Burns, Esq.

Copies to:

John D. Burns, Esq.
The Burns Law Firm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, MD  20770

Stephen H. Greenfeld, Esquire
2600 Tower Oaks Blvd.. STE 290
Rockville, MD 20852

Michael T. Freeman, Esquire
Assistant United States Trustee
Office of the United States Trustee
1725 Duke Street; STE 650
Alexandria, VA 22314

William F. Steinwedel, Esquire
Legal Aid Bureau, Inc.
500 East Lexington Street
Baltimore, Maryland 20202

Bud Stephen Tayman, Esquire
Bud Stephen Tayman, P.A.
13017 Wisteria Drive
Public Mail Box 325
Germantown, Maryland 20874